*L. Q.* and *C. A. De Bruler, H. Woodbury* and *W. H. Peckinpaugh,* for appellees.

———————◆———————

McCormack *v.* Klingensmith and Another.

Pleading.—Failure of Consideration.—To a suit upon a promissory note, given for the furniture in a hotel, the defendant answered, by way of failure of consideration, in eight paragraphs, all of which were held to be bad, because they failed to connect the several articles as to which fraud or mistake was alleged with the consideration of the note, and for other equally obvious reasons.

APPEAL from the *Marion* Common Pleas.

Elliott, J.—Suit by the appellees against *McCormack,* ·the appellant, on a promissory note. An answer of eight paragraphs was first filed, but was subsequently superseded by a substitute, which the court, on motion, struck out. A new answer, consisting of eight special paragraphs, was then filed, to which, as a whole, a demurrer was sustained and the defendant had leave to amend, which he failed to do, and suffered a default. Judgment was thereupon rendered on the note.

Several errors are assigned, but the only question presented by the record arises upon the ruling of the court in sustaining the demurrer to the answer. The demurrer, being general to the whole answer, should have been overruled, if the answer contained a single good paragraph.

The answer commences by averring that the note sued on was given in part payment of the purchase money of

certain furniture, bedding, wares and merchandise in the *Commercial Hotel*, sold by the plaintiffs to the defendant, "and that there is a total failure of the consideration of said note, in this: First." This paragraph alleges a failure of consideration "as to one hundred and seventy-five dollars, in the sale of a certain piano to said defendant, on account of representations made by said plaintiffs, and one Mrs. *Emma Penticost*, tenant and agent of said plaintiffs in said hotel, as follows: in falsely representing to appraisers, appraising said piano, that it had cost, when new, the sum of $500; in view of which fact said piano was appraised to said defendant at $375, as a second-hand piano. Said defendant further avers that said piano had cost, when new, only $375," which was well known to the plaintiffs and their said agent. This paragraph was bad for several reasons. It does not show by what authority the appraisers referred to were making the appraisement, or that the sum at which the piano was appraised was included in the note in suit. Nor does it allege that the piano was not, in fact, worth the full sum at which it was appraised.

The second paragraph alleges a failure of consideration as to $76 28, a difference of ten cents per pound on 763¾ pounds of feathers, in the sale of said bedding, by reason of appraisement contrary to contract between said plaintiffs and said defendant. This paragraph does not show any injury to the defendant. It fails to show any connection between the note and the appraisement referred to. Nor does it aver that the appraisement was more than the contract price, or, if excessive, that the excess was included in the note, or, if so included, whether it was without the knowledge and consent of the defendant when he executed the note, or with his knowledge and by his assent and agreement.

The third paragraph alleges a failure of consideration of ten dollars, "for the awning in front of said hotel, sold by said plaintiffs to said defendant, and which was claimed by *Frank Reitz*, proprietor of said hotel, as being a part of the

realty." This ten dollars may have been included in the note, and *Reitz's* claim, that the awning was a part of the realty, may have rested on a legal basis; and it may also be that he held the awning under said claim and deprived the defendant of it. These are all material to the validity of the answer, but their existence is not shown by it.

These paragraphs are sufficient, as specimens, to show the character of the whole. All the others contain similar items, and are subject to the same or similar objections. They are all bad, and the court did not err in sustaining the demurrer. The judgment must therefore be affirmed.

The judgment is affirmed, with five per cent. damages and costs.

*R. D. Logan* and *B. F. Brown*, for appellant.